[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought in four counts by the plaintiff, Karen Manus, against the defendants, George and Winifred Gentile, arising out of the sale by the Gentiles of their home located at 100 Bahre Corner Road in Canton to the plaintiff on January 13, 1994.
Counts one and three sound in intentional and negligent misrepresentation by the defendants concerning the suitability of the pond situated on the property for swimming.
Counts two and four contain the same allegations in reference to misrepresentations concerning the capabilities of the heating system in the master bedroom.
The defendants have denied any misrepresentations, and in addition, have set forth four special defenses. The first three special defenses allege misuse of the property by the plaintiff in regard to the first and third count. The fourth count alleges a waiver by the plaintiff of any defects because the plaintiff did not exercise her right to inspect the property pursuant to the contract between the parties.
The part of the contract relied upon by the defendants states as follows:
 "8. Condition of Property. Buyer acknowledges that Buyer has had the opportunity to make a full and complete inspection of the CT Page 8371 property, to the extent desired by Buyer. If Buyer has elected to make a less than thorough inspection. Buyer waives any right to object to any defects in the Property that would have been disclosed by a full and complete inspection. Seller agrees to deliver the Property to Buyer in a broom clean condition. Buyer shall have the right to inspect the property for compliance with this Contract before the closing, upon reasonable notice to Broker."
 "15. Complete Agreement. This Contract contains the entire agreement between Buyer and Seller concerning this transaction, and supersedes any and all previous written or oral agreements concerning the property. Buyer has made this Contract without relying upon any representations, information or promises made by Seller, Broker or Co-Broker (if any) that are not contained in this Contract as to the character, quality, use, zoning, value, condition, occupancy or other matters relating to the Property."
The first basis of the plaintiffs misrepresentation claim concerning the suitability of the pond for swimming is a "fact sheet" given to prospective purchasers including the plaintiff by the defendants listing 23 outstanding features of the property. The sheet recited that the pond was 5-6 feet in depth and was lighted for swimming. The second basis is the claim that the defendant, in the presence of his wife, Winifred, told the plaintiff that the pond had a depth of approximately six feet at its center and was very suitable for swimming. The plaintiff testified that the pond was only 3 feet at its deepest part.
The defendants denied any misrepresentations. They testified that with routine maintenance the pond had a depth of 5'-6' at specific locations and was suitable for swimming.
The plaintiff testified that the first time she entered the pond was in June of 1994. At that time, because of its shallowness, she couldn't swim across it. She proceeded to have the pond dredged a year later and never notified the defendants of her claim until her attorney wrote a letter to them on September 20, 1996, almost three years after she agreed to purchase the property and more than two years after learning of the alleged misrepresentations.
As to the allegations of the second and fourth counts the plaintiff claimed that the defendants represented orally to her that the master bedroom was adequately heated and did not require the use of supplemental electric heat which had been installed by CT Page 8372 the defendants. The defendant, George Gentile, testified that he told the plaintiff that on certain cold days the electric heat was needed and this is why he installed it.
Since the defendants have not proven any of the first three special defenses, the issues before this court are two-fold. First, did the defendants misrepresent the pond and heating system to the plaintiff? Second, if so, what are the consequences to the parties of the waiver clause contained in the contract of sale?
Inasmuch as the plaintiffs claim in this case is not based on a breach of contract or a failure of consideration, she can only prevail if she proves misrepresentations by the defendants either knowingly or negligently made. If, in fact, the plaintiff proves these allegations of fact the defendants cannot rely on the defense of waiver, because a misrepresentation, such herein alleged, by a seller to a buyer made negligently or recklessly and relied upon by a buyer without conducting an independent investigation can support a judgment against the seller even though the contract specifically disclaims any representations by the seller to the buyer. Warren v. Delaney, 148 Conn. 469, 474
(1961), Foley v. Huntington, 42 Conn. App. 712, 721-722 (1996).
The court finds that although the plaintiff may have been disappointed in her expectations of the virtues of the pond, that neither defendant, in fact, misrepresented its character to her. George Gentile in fact, urged her more than once to take a boat onto the pond to examine it. The Gentile's grandchildren swam in the pond as well as the defendant, Winifred. It is obvious to the court that the pond contained a great deal of silt but whether that could be characterized as making it unfit for swimming has not been proven.
As to the allegations concerning the heating system, the court finds that the defendants made none of the representations alleged. George Gentile merely pointed out the availability of supplemental electric heat if some were needed.
Since the court has found that no misrepresentations were made by either defendant pursuant to the allegations of any of the counts of the complaint, the court need note rule on the special defense of waiver pled by the defendants.
Judgment may enter for the defendants. CT Page 8373
Freed, J.